IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By Lenaann Casalino at 2:36 pm, May 16, 2011

| | |
|---|---|
| IN RE: ) | Chapter 13 Case |
| ) | Number <u>06-60363</u> |
| DENNIS B. WHITE ) | |
| ) | |
| Debtor ) | |
| ) | |
| DENNIS B. WHITE ) | |
| ) | |
| Deceased Debtor ) | |
| ) | |
| v. ) | |
| ) | |
| GLENNVILLE BANK ) | |
| ) | |
| Objecting Creditor ) | |

**ORDER DENYING DEBTOR'S MOTION TO REINSTATE DEBTOR'S CASE AND GRANT DEBTOR A DISCHARGE**

This matter came on for hearing on Debtor's motion to reinstate this chapter 13 case and grant a discharge, with objection by creditor Glennville Bank. At issue was whether, pursuant to Rule 1016 of the Federal Rules of Bankruptcy Procedure, the case should be administered despite Debtor's death and that a discharge be granted. Where Debtor has failed to complete the financial management course required for entry of a discharge, I find that the case should not be reinstated, as a discharge cannot be granted.

Debtor filed this chapter 13 case on August 15, 2006. Debtor's plan was confirmed on October 23, 2006, and a modified plan was confirmed on July 25, 2007. On July 15, 2008, Debtor

AO 72A
(Rev. 8/82)

died. On January 14, 2009, the Chapter 13 Trustee filed a motion to dismiss the case due to Debtor's failure to make plan payments. A hearing was set on the Trustee's motion for November 17, 2008, but the motion was withdrawn in open court on that date prior to hearing.[1] The case continued until all payments were made under the plan. On January 4, 2011, the Chapter 13 Trustee sent a Notice to Debtor with copy filed in this case that sufficient funds had been paid to complete Debtor's case. (ECF No. 66.) Before a discharge was granted, Debtor's counsel filed a suggestion of death of Dennis B. White and the case was promptly dismissed.

Debtor's counsel argues that the case should be reinstated and that a discharge should enter despite Debtor's death as all payments were made under the plan. In so arguing, he contends that Rule 1016, which instructs that a chapter 13 case "may proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred," allows for the entry of a discharge under these circumstances. Fed. R. Bankr. P. 1016 (F.R.B.P.).

Yet, for a chapter 13 case to proceed after the death of a debtor rather than be dismissed, the continued administration must first be found to be in the best interest of the parties.

---

[1] Debtor's counsel represents that prior to the hearing he informed the Chapter 13 Trustee (now also deceased) that the Debtor had died, but that Debtor's family would continue making payments under the plan pursuant to Bankruptcy Rule 1016. The facts further suggest that even the now-objecting creditor Glennville Bank was aware of the Debtor's death. Indeed, it appears that only the Court remained uninformed of the circumstance.

2

See id. Generally, a court would make such a finding soon after a debtor dies within the context of an opposed motion to dismiss the case by a trustee. See, eg., In re Perkins, 381 B.R. 530 (Bankr. S.D. Ill. 2007); In re Stewart, No. 01-66434, 2004 WL 3310532, at *1 (Bankr. D. Or. 2004). Here, the Court was not informed of the death and therefore could not determine that further administration of the case should be allowed pursuant to Rule 1016.

Now, after the parties agreed to administer the case despite Debtor's death and did administer the case to the extent that all plan payments have been made, I am asked to apply Rule 1016 in light of the present circumstances. As the Rule commands, I consider whether further administration is possible and whether administration is in the best interest of the parties where all payments under the plan have been made. Upon consideration, I find that further administration is not possible and that the case was properly dismissed.

By requesting a reinstatement of the case, the "further administration" that Debtor seeks is the entry of discharge order. Even if I were to entertain the idea that the Bankruptcy Code and Rule 1016 contemplate granting a discharge to a deceased debtor I cannot grant Debtor a discharge here.[2]

---

[2] Courts in other jurisdictions have held that where further administration of a case is possible and in the best interests of the parties a case can be administered pursuant to Rule 1016 and that a discharge may be entered for the benefit of the decedent debtor's estate. See Perkins, 381 B.R. at 537; Stewart, 2004 WL 3310532, at *1. Where courts have so ruled, the determinations were

3

The Bankruptcy Code as amended by the Bankruptcy Abuse and Consumer Protection Act of 2005 prohibits the grant of a discharge unless a debtor completes an instructional course concerning personal financial management sometime after the filing of a petition. See 11 U.S.C. § 1328(g).[3] Here, Debtor failed to complete the course and, because his death precludes him from ever completing the course, he must be denied a discharge.

Therefore, Debtor's motion to reinstate this chapter 13 case and grant Debtor a discharge is **ORDERED DENIED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 16th day of May, 2011.

---

grounded in fact-finding not only that the debtors would otherwise be entitled to a discharge but also that other parties would not be prejudiced and that the benefit of a discharge should flow to the decedent debtor's estate. Cf. Perkins, 381 B.R. at 537 (allowing further administration where trustee failed to present any facts why further administration would not be in the best interest of the parties); Stewart, 2004 WL 3310532, at *1 (finding further administration proper where creditors has likely received more than they would have had the debtor filed a chapter 7 case). I do not reach this issue here because, as discussed below, Debtor has not met all relevant requirements for the grant of a discharge.

[3] Although the subsection provides by reference to 11 U.S.C. § 109(h) certain very limited exceptions under which a debtor may be excused from this requirement, death is not among those exceptions.

4